GERALD ALLEN [GA-0950 ]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

SUMMONS ISSUED

CV 13                    4592

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

SALLY NIEVES,

                                        Plaintiff,

                        - against -

CITY OF NEW YORK, POLICE OFFICER BRIAN MULLARKEY,
TAX I.D. 949376 and POLICE OFFICERS JOHN DOE 1-5,

                                        Defendants,

-------------------------------------------------------------------------X

CV

COMPLAINT

PLAINTIFF
DEMANDS A
TRIAL BY JURY

### PARTIES, JURISDICTION and VENUE

1.       Plaintiff, SALLY NIEVES, arrested as SALLY NEIVES, is a 50 year old

female, who, at all times relevant to this action, was a resident of Staten Island, New

York.

2.       Defendant, City of New York ("NYC"), is a municipality within the State of

New York, which includes Richmond County.  NYC maintains a police department, the

New York City Police Department ("NYPD"), which is an agency of the municipality.

3.       Upon information and belief, Defendant POLICE OFFICER BRIAN

MULLARKEY, Tax I.D. 949376, was at all relevant times an officer with the NYPD,

assigned to the 120th Precinct.  All actions by MULLARKEY complained of herein were

taken in the course of his employment and under color of law.  MULLARKEY is being

1

sued in both his individual and official capacities.

4.     Upon information and belief, Defendants POLICE OFFICERS JOHN DOES 1-5, were at all relevant times employees with the NYPD, assigned to the 120TH Precinct. All actions by the DOE DEFENDANTS, whose true names are not yet known, complained of herein were taken in the course of their employment and under color of law.  The DOE DEFENDANTS are being sued in both their individual and official capacities.

5.     Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

6.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7.     The instant action is commenced within three years days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

8.     On May 21, 2012, Plaintiff, who weighs at least three hundred pounds and uses a walker to ambulate, was inside her home 794 Richmond Terrace in Staten Island.

9.     During the afternoon hours, Plaintiff and her son, Angelo Romero, became involved in a dispute and the police were called to the apartment.

10.     Two uniformed police officers from the 120th Precinct responded to the location and entered Plaintiff's second-floor apartment.

11.     Soon, those two officers began to struggle with Plaintiff's son and called other officers, including MULLARKEY and the DOE officers, to the apartment.

12.     Ultimately, at least ten officers, including white-shirted supervisors,

2

entered Plaintiff's apartment and began to attack Plaintiff and her son.

13.     This attack continued as Plaintiff lay on her couch and her son lay on the living room floor. Plaintiff was pepper-sprayed and struck about the head, face, body and limbs with fists, kicks, and a baton by the assembled police officers, including MULLARKEY and the DOE officers. Plaintiff was then pulled to the floor by MULLARKEY or one of the DOE officers.

14.     Plaintiff immediately began to feel pain throughout her body, and particularly in her left arm, her eyes, and her head.

15.     Plaintiff was handcuffed and taken by ambulance to Richmond University Medical Center, where she was treated for the injuries inflicted by the police, and for a post-traumatic seizure that she suffered en route to the hospital.

16.     Plaintiff was held in the hospital, in restraints, until May 29, 2012, when she was taken to court for arraignment. She was unable to see visitors or to bathe for the length of her stay at the hospital.

17.     She was released from custody after having been arraigned under Docket Number 2012RI004954, which charged her with Obstructing Governmental Administration and Resisting Arrest, based upon the affidavit of MULLARKEY.

18.     Ultimately the case was Adjourned in Contemplation of Dismissal, with immediate sealing of the matter ordered by the Court.

19.     As a result of the actions by MULLARKEY and the other officers, Plaintiff suffered multiple injuries including: concussion with loss of consciousness; a left parietal laceration, requiring stapling; left arm ecchymoses;  post-traumatic seizure; and contusion of multiple sites, for which she has sought and obtained medical treatment.

3

20.     Plaintiff continues to suffer from severe emotional stress and physical injuries to her head, neck, and back caused by the assaultive conduct of Defendants.

## FIRST CLAIM

21.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 20 of the Complaint as if incorporated and reiterated herein.

22.     By arresting Plaintiff without legal authority, and in doing so to cover-up the assault and excessive force used against Plaintiff by Defendant MULLARKEY and the DOE defendants, Defendants MULLARKEY and the DOE defendants violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.  Specifically, the constitutional rights to be free from false arrest.

23.     By reason thereof, Defendant MULLARKEY and the DOE defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## SECOND CLAIM

24.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 23 of the Complaint as if incorporated and reiterated herein.

25.     Defendant MULLARKEY and the DOE defendants, by using excessive force and engaging in assaultive conduct, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.

4

Specifically, the right to be free from the use of excessive force under color of law.

26.     By reason thereof, Defendant MULLARKEY and the DOE defendants violated  42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## THIRD CLAIM

27.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 26 of the Complaint as if incorporated and reiterated herein.

28.     Defendant MULLARKEY and the DOE defendants, while acting under color of law, committed an intentional and violent assault against Plaintiff without legal cause or justification.

29.     By reason thereof, Defendant MULLARKEY and the DOE defendants violated 42 U.S.C. Section 1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## FOURTH CLAIM

30.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 29 of the Complaint as if incorporated and reiterated herein.

31.   NYC and the NYPD had a duty to competently and sufficiently train, supervise and discipline the individual defendants to assure that their conduct conforms to a standard, established by law, for the protection of citizens, such as Plaintiff, against

intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiff herein.

32.    NYC and the NYPD had previously received complaints about and had knowledge of the improper behavior and disciplinary infractions of the individual defendants or, in the exercise of due diligence, would have perceived that these officers had conduct and disciplinary problems that posed an unreasonable risk of harm to the Plaintiff and yet allowed MULLARKEY and the DOE officers to continue in their positions as  police officers.

33.    The failure of NYC and the NYPD to take preventive and remedial measures that could have protected Plaintiff from sustaining the injuries that she suffered constitutes gross negligence, deliberate indifference or intentional misconduct.

34.    By reason thereof, Defendant CITY has violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)     On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)    On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)   On the third claim, actual and punitive damages in an amount  to be determined at trial;

6

iv)     On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)      Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

vi)     Such other relief as the Court deems just and proper.

Dated:      New York, New York
            July 19, 2013

                              Goldberg & Allen, LLP
                              Attorneys for Plaintiff

            By:   _____
                              Gerald Allen [GA-0950]
                              49 West 37th Street, 7th Floor
                              New York, New York 10018
                              (212) 766-3366

7